IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KURT JOHNSON,**
**No. 13177-081,**

       Petitioner,

                                                     Case No. 17–cv–1010-DRH

vs.

**TODD SLOOP,**

       Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

*Pro se* Petitioner Kurt Johnson, currently incarcerated in the Federal Correctional Institution at Marion, Illinois ("Marion"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 challenging his placement in the Communication Management Unit ("CMU") at Marion. Petitioner contends that the CMU is not part of the Bureau of Prisons ("BOP"), so his being housed there should be considered a waiver of jurisdiction over him by the United States. (Doc. 1, p. 1-2). Because of this alleged waiver, Petitioner argues that he is entitled to immediate release from custody. (Doc. 1, p. 2).

This case is now before the Court for a preliminary review of the Petition[1]

---

[1] After filing his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) ("Petition"), Petitioner filed a "Notice of Supplement to Petition" (Doc. 3). Petitioner seeks to supplement his § 2241 petition with an exhibit that he claims is "not material to the Habeas petition." (Doc. 3, p. 1). Petitioner also claims that the exhibit is "not an amendment." *Id.* Because the supplement, by Petitioner's admission, is neither material to the Petition nor an amendment, and because the Court does not accept piecemeal amendments to pleadings because an amended pleading supersedes and replaces the original pleading, rendering the original

1

pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

## Background

Petitioner was sentenced to 300 months imprisonment on March 18, 2008 in *United States v. Heineman et al.*, No. 05-cr-611-WHA (N.D. Cal. March 18, 2008) ("Criminal Case"). (Doc. 1, p. 1). Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255 on April 21, 2011. Criminal Case at Doc. 749. The motion was denied on July 14, 2011. *Id.* at Doc. 759. He also filed several appeals in that case, none of which are relevant to the instant case. Petitioner was placed in the CMU on March 11, 2013. (Doc. 1, p. 1). He claims the "CMUs are not the BOP and regardless of their function or purpose are not a lawful extension of Congressional Authority." *Id.* Petitioner outlines the "tell-tale signs that CTU is not BOP even though the color of BOP operations is used as part of the ruse and fraud." (Doc. 1, pp. 1-2). These include that "CMUs are not part of the BOP's funding . . . the security monitoring is CTU protocols . . . [and] [t]he CMUs

---

pleading void, the Court will not consider the Supplement (Doc. 3) in its preliminary review of the Petition. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will also not consider Petitioner's "Evidentiary Supplement in Support of Petition" (Doc. 4) for similar reasons. Upon review of the proposed supplements, the Court notes that considering the supplements along with the Petition would not change the outcome of this case.

obstruct justice, steal legal work, violate postal laws, censor content, and prevent any viable methods of regress from grievances[,]" among other things. (Doc. 1, p. 2).

## Discussion

Petitioner claims that because he "is currently housed in the Marion CMU in violation of the order of the court . . . the United States has waived custodial jurisdiction, entitling petitioner to immediate release." *Id.* Petitioner asserts that this "is not a collateral attack on the conviction which facts are irrelevant. This is a condition of confinement claim which merges with a waiver of custody and custodial jurisdiction." *Id.* Petitioner further asserts that the United States "has no standing to oppose this petition in that they have stipulated to the facts through a foreign judgment with domestic comity by and through treaty to which they are ratified parties."[2] (Doc. 1, p. 3).

This Court is obligated to independently evaluate the substance of Petitioner's claims to determine if the correct statute—in this case 28 U.S.C. § 2241—is being invoked. *See Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked). A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or

---

[2] The judgment Petitioner refers to is included in the proposed Supplement to the Petition at Doc. 3. Petitioner did not properly include the Supplement with his Petition, but even if he had, it would have no bearing on the disposition of this case.

parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). If, however, the prisoner "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of confinement and his remedy is under civil rights law." *Id.*; *see also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Changes in a prisoner's security level or changes in confinement from one prison to another cannot be attacked using 28 U.S.C. § 2241. *See Bunn v. Conley*, 309 F.3d 1002, 1008 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607, 617 (7th Cir. 2000); *Graham*, 922 F.2d at 381; *Pischke*, 178 F.3d at 499.

Petitioner brings this action under the umbrella of habeas corpus law, 28 U.S.C. § 2241. However, he is challenging his placement in Marion's CMU and claiming that, only as a result of this change in security level, should he be freed from incarceration because the United States waived custody over him by placing him there. This is a self-serving conclusion wholly unsupported by the law or the sentence imposed in his criminal case, and Petitioner does not appear entitled to habeas relief because of it. *See Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005) (affirming dismissal of § 2241 petition based on unconstitutional conditions of confinement despite suggestion release was appropriate remedy). His transfer to the CMU did not effect a quantum change in his custody and was merely a change in security level, which is not susceptible to attack under § 2241. *See Singleton v. Walton*, No. 14-cv-1430, 2015 WL 300421 (S.D. Ill. Jan. 22, 2015); *Warren v. Walton*, No. 14-cv-1412, 2015 WL 232354 (S.D. Ill. Jan. 16,

2015); *Warren v. Hollingsworth*, No. 09-cv-666-JPG, 2009 WL 4894579 (S.D. Ill. Dec. 11, 2009). *See also Bunn*, 309 F.3d at 1008; *DeWalt*, 224 F.3d at 617; *Graham*, 922 F.2d at 381; *Pischke*, 178 F.3d at 499. Petitioner will remain a federal inmate at USP-Marion (or whatever facility he may be transferred to next) until his prison term is served.

Petitioner's claims are, at their core, challenges to the conditions of his confinement. These conditions include the security monitoring protocols employed in the CMU, "indeterminate administrative detention and other constitutional violations," theft of legal work, violation of postal laws, censorship of content, and failure to address grievances. (Doc. 1, p. 2). Petitioner even admits in his Petition that this "is a condition of confinement claim." *Id.* As noted above, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is not the proper vehicle for attacking conditions of confinement. Therefore, the petition for a writ of habeas corpus must be summarily dismissed.

Petitioner's claims are akin to those raised by a federal prisoner in an action brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). While courts have, in the past, construed a mistakenly-labeled habeas corpus petition as a civil rights complaint, *see, e.g.*, *Graham*, 922 F.2d at 381–82 (collecting cases), the Seventh Circuit has made it clear that district courts should not resort to this practice. *Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002); *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997). This is particularly true where conversion of the case may

lead to unfavorable consequences for Petitioner under the Prison Litigation Reform Act. *See generally Bunn*, 309 F.3d at 1004–07. These consequences include possible exhaustion defenses, whether Petitioner has named the correct defendants, and whether he is able to pay the proper filing fee for the action (presently $400.00), as opposed to the fee for a petition for writ of habeas corpus (presently $5.00). For these reasons, the Court will not re-characterize the instant habeas petition as a complaint brought pursuant to *Bivens*, and it offers no opinion regarding the merits of Petitioner's *Bivens* claims.

## **Disposition**

Section 2241 cannot provide Petitioner with the appropriate relief, so this action is summarily **DISMISSED** with prejudice.

The Clerk of Court is directed to enter judgment in favor of Respondent.

**IT IS SO ORDERED.**

Judge Herndon
2017.11.20
09:52:24 -06'00'

United States District Judge